Dear Mr. Thibodeaux:
You present the following two inquires for our review:
 1. May I accept employment as Executive Director of the St. John Housing Authority and continue to hold my elected office, Terrebonne Parish council member, without violating Louisiana Dual Office Holding Laws, LSA R.S. 42:61, et seq.?
 2. May I accept employment as Executive Director of the Terrebonne Parish Housing Authority and continue to hold my elected office, Terrebonne Parish Council Member, without violating Louisiana Dual Office Holding Laws, LSA R.S. 42:61, et seq.?
Reviewing the provisions of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., we find the following portion of R.S. 42:63(D) to be applicable:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold
another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof . . . (Emphasis added).
Thus, in response to both your questions, one is prohibited from holding concurrently the local elected office of parish councilman and a full-time appointive office in any political subdivision.
For purposes of dual-officeholding, an "appointive office" is defined by R.S. 42:62(2), as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
We are of the opinion that the position of Executive Director of both the housing authorities referenced constitutes an "appointive office" for the purposes of dual-officeholding. The position is "specifically established . . . by the laws of this state" and is "filled by appointment . . . by a governmental body" pursuant to R.S. 40:539(C)(1), which provides:
 C. (1) The authority shall select a secretary who shall be the executive director and chief executive and administrative officer of the authority. He shall serve at the pleasure of the authority. The authority shall fix the compensation of the executive director.
Note that the law does not prohibit one from holding local elective office and part-time appointive office. "Full-time" and "part-time" are defined by R.S. 42:62(4) and (5) as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
We attach for your review Attorney General Opinions 99-357, 95-178, 96-176, and 96-149, all of which conclude that the executive director of a housing authority holds an appointive office. Opinion 96-334 is recalled as it is in conflict with the referenced opinions and conclusions herein.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: May 3, 2002